Lynne Eristina WALLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–87–204–CR.

Court of Appeals of Texas, Waco.

March 10, 1988.

Rehearing Denied April 14, 1988.

Whitney E. Fanning, Waco, for appellant.

Vic Feazell, Criminal Dist. Atty., Tanya S. Boyce, Asst. Dist. Atty., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Waller from conviction for possession of a controlled substance, to wit: amphetamine in an amount of less than 28 grams. Defendant plead guilty pursuant to a plea bargain agreement with the State for 5 years in the Texas Department of Corrections.

Defendant appeals on one point: "The trial court committed reversible error in the acceptance of a plea of guilty that was not voluntarily entered by defendant."

Defendant was arrested December 31, 1986, and was indicted by a McLennan County grand jury on April 23, 1987. On April 29, 1987, the State announced ready for trial. On June 17, 1987, the trial court held a hearing on defendant's pretrial Motion to Dismiss based on the Texas Speedy Trial Act. Defendant was fully admonished on her constitutional rights; specifically, she was admonished that should the court accept her plea, she would not be able to appeal her case without the court's permission. Defendant plead guilty pursuant to the plea bargain agreement and was allowed to remain free on bond pending the appeal of her pretrial Motion to Dismiss.

Defendant contends her plea of guilty was involuntary because her attorney gave her faulty advice concerning the appeal of the denial of her Motion to Dismiss. Defendant's counsel asserts in his brief that he assured defendant that the denial of her motion could be appealed. He argues that unknown to him at the time of the hearing on the motion, the Speedy Trial Act had been ruled unconstitutional by this Court in an unpublished opinion and thus he misstated the law to his client. He contends that his misstatement of the law makes his client's plea involuntary and therefore invalid.

Defendant is apparently referring to our opinion in *Meshell v. State*, No. 10–84–168–CR (Tex.App.—Waco 10/17/85), where we held the Texas Speedy Trial Act unconstitutional on the basis of a defective caption. The Court of Criminal Appeals granted a petition for discretionary review and affirmed, holding the Speedy Trial Act unconstitutional as a violation of the separation of powers doctrine. *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987). The *Meshell* opinion was handed down July 1, 1987, approximately two weeks after defendant entered her plea and almost three months prior to defendant's formal sentencing.

The only element of defendant's plea bargain in the instant case is that she receive 5 years punishment in return for her plea of guilty. Defendant now asserts her plea was involuntary because her attorney assured her that if her Motion to Dismiss was overruled (as it was), the matter could be appealed.

Defendant retains a statutory right to appeal any matter raised by written pretrial motions even though she entered a plea of guilty. Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979). The trial court assured defendant that her plea would not prevent her from appealing the speedy trial issue. The fact that the issue is without merit due to a subsequent change in the law does not invalidate defendant's plea of guilty.

Defendant's point is overruled.

AFFIRMED.